827 F.2d 770
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD Petitioner,
v.
AMERICAN BAKERIES COMPANY, and Local Union No. 51,
International Brotherhood of Teamsters,
Chauffeurs, Warehousemen and Helpers of
America, Respondents.
 No. 86-6026.
 United States Court of Appeals, Sixth Circuit.
 Aug. 28, 1987.
 
 Before KEITH, Circuit Judge, JOHN W. PECK, Senior Circuit Judge and DOWD*, District Judge.
 PER CURIAM:
 
 
 1
 Petitioner National Labor Relations Board ("Board") seeks enforcement of its order finding that respondents American Bakeries Company ("Company") and Teamsters Local Union No. 51 ("Union") committed unfair labor practices in violation of Section 8(a)(1), (2), (3) and 8(b)(2), (1)(A) of the National Labor Relations Act, 29 U.S.C. Sec. 150 et. seq. ("Act"). We GRANT the Board's petition for enforcement.
 
 
 2
 In July 1985, the Board issued a complaint against the respondents alleging that earlier in the year respondents had entered into a unlawful collective bargaining agreement. The agreement recognized the Union as the exclusive bargaining representative of a unit of non-supervisory employees at the Company's facility in Ypsilanti, Michigan. The complaint also alleged that the respondents agreed to bring all non-supervisory employees of the Company's Port Huron facility under the terms of the Ypsilanti agreement. The Ypsilanti agreement required employees to join the Union and pay the necessary dues as a condition of employment. The complaint concluded with the allegation that at the time each agreement was made, no employees were working at either the Ypislanti or Port Huron facility. Rather, employees were later hired at both the facilities and made subject to the pre-existing agreement.
 
 
 3
 The record indicates that both the Union and the Company admitted the factual allegations in the complaint in their separate answers. The Union also proferred two defenses--first, that the new facilities were relocations of facilities and work covered by a separate Detroit-area agreement between the respondents and second, that the new facilities were accretions to bargaining unit operations covered by the Detroit agreement.[1]
 
 
 4
 Upon a hearing before the Administrative Law Judge ("ALJ") the Board's General Counsel moved for judgment on the pleadings. After the respondents objected, the ALJ denied the motion. The General Counsel and the charging party then rested, subject to calling rebuttal witnesses if evidence was proffered by the respondents to support their defenses. The respondents did not offer evidence; they instead rested and moved for dismissal based on the General Counsel's failure to make out a "prima facie case." The General Counsel renewed his motion for judgment on the pleadings.
 
 
 5
 The ALJ determined that the allegations admitted by the respondents established prima facie violations of the Act by both the Company and the Union. The Board, upon its review of the ALJ's decision, found further that the Union's defenses were affirmative in nature. Since no evidence was submitted in support thereof, both respondents had failed to rebut the prima facie cases. The Board concluded that on the record the General Counsel was entitled to an order remedying the unfair labor practices referred to in the complaint.
 
 
 6
 On our review, the Union argues that the Board's General Counsel failed to meet his burden of proving that the Ypsilanti and Port Huron facilities were separate appropriate bargaining units. It also argues that judgment on the pleadings was improper where the Union's answer created material issues of fact concerning the two contested agreements and their facilities. The Company argues that the record does not support the Board's findings that it committed unfair labor practices. Additionally, the Company asserts that no prima facie case was established, even taking the respondents' admissions into account.
 
 
 7
 We disagree. In essence, the Company was charged with the following violations of the Act:
 
 
 8
 --interfering with employees' right to choose their own representative at the Ypsilanti and Port Huron facilities;
 
 
 9
 --interfering with the formation of a labor organization; and
 
 
 10
 --conditioning acceptance of employment on union membership.
 
 
 11
 See 29 U.S.C. Sec. 158(a)(1), (2), (3). The Union was charged with restraining employees from the exercise of their right to choose their own representative and with causing an employer to discriminate in hiring decisions on the basis of union membership. See 29 U.S.C. Sec. 258(b)(1)(A), (b)(2).
 
 
 12
 These charges are nearly identical to the violations discussed in International Ladies' Garment Workers' Union, AFL-CIO v. National Labor Relations Board, 366 U.S. 731 (1961). In Garment Workers, the Company granted "exclusive bargaining status to an agency selected by a minority of its employees." Garment Workers at 737. The Court stated that "without need of further demonstration," the Company's agreement with the Union violated Sec. 158(a)(1) of the Act. Id. The Court went on to state that "a grant of exclusive recognition to a minority union constitutes unlawful support" in violation of Sec. 158(b)(1)(A). Id.
 
 
 13
 In this case, the Union and the Company admitted the conduct which the Garment Workers Court found in violation of the Act. They admitted entering into an agreement granting exclusive bargaining status to the Union when no employees of the unit at either facility had ever consented to the Union's representation. Indeed, such consent would be impossible as employees had not yet been hired for either location. The respondents admitted to establishing a clause in the agreement requiring all (unhired) employees to attain and maintain membership in the Union. That union security clause violated Sec. 158(a)(3) and (b)(2) of the Act. See Haddon House Food Products, Inc. v. NLRB, 764 F.2d 182, 187 (3rd Cir.1985). By the simple force of respondents' factual admissions, the General Counsel established a prima facie case for the violation of the Act charged in the complaint. No material issue of fact remained in dispute.
 
 
 14
 Normally, a prima facie case may be rebutted by defenses and evidence presented by the respondent. However, when as in this case no evidence is presented in support of the defenses, the defenses cannot rebut the prima facie case. An unrebutted prima facie case necessarily amounts to proof by a preponderance of the evidence. In essence, both respondents have admitted to the facts, yet attempt to avoid a legal conclusion which, under Garment Workers is inescapable.
 
 
 15
 Therefore, after careful review of the relevant authority, the records, briefs and oral argument, we agree with the Board that the ALJ's determinations were proper. The Board, in our view, correctly concluded that the Act required no further hearings in this case. We therefore GRANT the Board's petition for enforcement.
 
 
 
 *
 Honorable David D. Dowd, Jr., United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 The Union raised a third defense on the nature of the appropriate remedy if a violation indeed existed. We find the remedy proposed by the Board in its order entirely appropriate